IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH A. HAMM                              :
    Petitioner                                :
v                                           :     Civil Action No. DKC-03-3054
RONALD HUTCHINSON, Warden, *et al.*         :
    Respondents                               :
      . . . . . . o0o . . . . . .

## **MEMORANDUM**

Petitioner, Joseph A. Hamm, filed a Petition for Writ of Habeas Corpus, challenging his 2001 convictions for second degree assault and third degree sexual offense. This case was stayed pending completion of related state litigation. Respondents filed a Supplemental Answer pursuant to this court's order of July 28, 2006. Papers no. 28 and 29. Petitioner was provided with an opportunity to file a substantive legal response, but has not done so. Paper no. 33. For the reasons that follow, the Petition for Writ of Habeas Corpus shall be denied.

## **Background**

On October 23, 2001, Joseph A. Hamm was sentenced after being convicted of second degree assault and third degree sexual offense by a a jury trial in the Circuit Court for Carroll County. Paper no. 6, ex. 5. Hamm filed a direct appeal, alleging error in the trial court's ruling denying the defense the opportunity to introduce evidence through expert testimony regarding a 1989 police report in which the victim made a false claim of rape. He also alleged that his conviction for second degree assault should have merged with his conviction for third degree sexual offense. Paper no. 6, ex. 6. The Court of Special Appeals found no error in the trial court's ruling with respect to the 1989 police report but, after the State conceded that merger was proper, the appellate court vacated one of Hamm's sentences. Paper no. 6, ex. 8. Hamm filed a Petition for Writ of Certiorari with the Court of Appeals, but that court declined review on December 12, 2002. Paper no. 6, exs. 9 and 10. The instant Petition for Writ of Habeas Corpus, raising a claim that the

trial court's decision precluding a defense psychologist from testifying about a 1989 police report violated his due process rights, followed. Paper no. 1.

The facts of the case were summarized by the Court of Special Appeals as follows:

> The charges in this matter relate to an incident that occurred between appellant and Gena Whittle, the complaining witness, during the early morning of July 1, 2000. Prior to that time, appellant and Ms. Whittle had been acquaintances for approximately one month. Ms. Whittle suffers from schizophrenia and was an occasional resident at the Safe Haven Homeless Shelter (Safe Haven). Appellant occasionally resided at the related shelter for men.
>
> On June 30, 2000, appellant's sister, Julia Gambler, picked up appellant and Ms. Whittle from Safe Haven and took them to her home in Taneytown, Maryland for the evening. Ms. Whittle testified that she and appellant were just friends, and that separate sleeping arrangements were discussed prior to leaving Safe Haven. Several other adults and children were also present at the Gambler residence. Over the course of the evening, appellant and Ms. Whittle consumed some beer, and Ms. Whittle smoked a joint of marijuana.
>
> Around 1:00 a.m., appellant and Ms. Whittle went to sleep in the basement of the Gambler residence, appellant on a cot and Ms. Whittle nearby on a sleeping bag or blanket. Ms. Whittle testified that she was awakened when appellant "pounced" on her, and that appellant then placed his hand over her mouth and nose and digitally penetrated her vagina. These events occurred for approximately fifteen to twenty minutes, during which time Ms. Whittle struggled to stop appellant by clawing at his hand that covered her mouth and nose and pushing appellant away. Finally, Ms. Whittle managed to free herself, and she went upstairs to the living room.
>
> Ms. Whittel did not immediately report the incident. Initially, at appellant's command, she returned to the basement to sleep. The following day, she remained at the Gambler residence and appellant left the residence to do some work. Sometime during the evening of July 1, Ms. Whittle was driven back to Safe Haven by appellant's sister. On July 2, Ms. Whittle reported the incident to the director of security at Safe Haven, David Hoff, Mr. Hoff also worked full-time as a Maryland State Trooper.
>
> In his capacity as director of security, Trooper Hoff contacted the police and filed a complaint against appellant. Trooper Hoff also notified appellant, upon his return to Safe Haven, that he was no longer welcome there. Trooper Brian Pearre responded to the complaint and interviewed Ms. Whittle. The case was referred to the sexual assault unit for investigation. Ms. Whittle was interviewed additional times and given a physical examination. According to witnesses called to testify by

> the State, Ms. Whittle's report of events and physical injuries were consistent with the crimes charged against appellant.
>
> At trial, the defense called Dr. Christine Healy, a clinical psychologist, to testify as an expert witness regarding Ms. Whittle's mental health. Dr. Healy's testimony was based on a review of Ms. Whittle's mental health records. These records included a 1989 police incident report (1989 report) and various medical records from 1997 to 2000. The trial court conducted a hearing outside the presence of the jury to determine certain issues affecting the scope of Dr. Healy's testimony. The court sustained the State's objection to Dr. Healy's proffered testimony regarding the 1989 report. Dr. Healy testified that Ms. Whittle suffered from a psychotic disorder, likely paranoid schizophrenia, and was prone to delusions, hallucinations, and substance abuse.

Paper no. 6, ex. 8, pp. 1– 4.

Hamm asserts that limiting Dr. Healy's testimony to the medical records and excluding testimony as to the 1989 police report violated his Sixth and Fourteenth Amendment rights. Paper no. 1 at p. 9. Respondents claimed that Hamm is precluded, on procedural default grounds, from raising this issue in this court because he did not assert a federal constitutional claim in his direct appeal or at trial. Paper no. 6 at pp. 14– 15. Petitioner contends that the procedural default should be excused because the issue was not raised on direct appeal due to the ineffective assistance of appellate counsel.

Because Hamm had never filed a post-conviction petition raising the ineffective assistance of counsel claim, this case was stayed pending exhaustion. Paper no. 23. He filed a post-conviction petition on March 8, 2005, in the Circuit Court for Carroll County, Maryland. *See* Paper no. 29, ex. 11. After a hearing on Hamm's claims that appellate counsel was ineffective, the court issued an order denying post-conviction relief on January 20, 2006. Paper no. 29, exs. 12 and 15. Hamm's application for leave to appeal was summarily denied on June 22, 2006. Paper no. 29, ex. 14. This case was re-opened on July 28, 2006. Paper no. 28.

The 1989 police report pertains to an earlier incident reported to police by Ms. Whittle wherein she alleged that she was raped. Paper no. 1 at p. 2. According to the Court of Special Appeals, the report was not pursued by police because of discrepancies in Ms. Whittle's story to the police. Paper no. 6, ex. 8. The trial court excluded testimony about the 1989 police report, finding that although the report was relevant, its probative value was outweighed by its prejudicial effect. Paper no. 6, ex. 3 at pp. 89-90. In addition, the trial court found that the report was too remote in time and did not pertain to an admission to a treatment facility. *Id*. The court also found that: the 1989 report was factually dissimilar to the offense at issue in Hamm's trial, inasmuch as the victim had reported use of cocaine and PCP prior to the 1989 report; Dr. Healy's expert opinion was based on the review of Ms. Whittle's hospital records; and there were no hospital or medical records associated with the 1989 incident. *Id*.

In reviewing the trial court's exclusion of the evidence contained in the 1989 report and noting that matters of evidentiary relevancy are entrusted to the trial judge's discretion[1], the Court of Special Appeals concluded that:

> Considering the mental health records of Ms. Whittle that were reviewed and relied on by Dr. Healy, the 1989 report stands apart. The reports dated 1997 to 2000 were all medical records, created by medical personnel, containing medical diagnoses on which Dr. Healy could base a medical opinion. Dr. Healy also explained the various diagnoses set forth in the reports. The medical records were grouped within a three year time frame and occurred within three years of the incident in question. This evidence is probative of [Ms. Whittle's][2] mental health. In contrast, the police incident report was created eleven years prior to the charges in question based on a criminal investigation by police officers and contained no medical diagnosis.

The content of the 1989 report reveals that Ms. Whittle filed a sexual assault

---

[1] *See* Paper no. 6, ex. 8, p. 6, *citing* Md. Rules 5-402 and 5-403 and *Best v. State*, 79 Md. App. 241, 259 (1989).

[2] Original decision improperly states, "appellant's mental health". *See* Paper no. 6, ex. 8, p. 7.

complaint alleging a rape that was not subsequently pursued, in part, because of discrepancies in her story to police. Based on Dr. Healy's proffer, the discrepancies were related to Ms. Whittle's mental condition. If admitted, the evidence could support an inference that because the rape complaint was not pursued in 1989, the current charges also were not supported by sufficient or reliable evidence. Such an inference would be highly prejudicial. We hold that the trial court did not abuse its discretion in excluding evidence of the 1989 report.

Paper no. 6, ex. 8, pp. 6– 7.

## Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing timely to note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[3]  *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*., (quoting *Murray*, 477 U.S. at 488).  Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice.  *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

## Analysis

The sole issue to be determined in this case is whether Hamm's procedurally defaulted claim regarding limitations on the testimony of an expert witness called by the defense is excused by adequate cause and prejudice. Hamm contends that his procedurally defaulted due process claim resulted from ineffective assistance of appellate counsel.  Previously, this court noted that Hamm's basis for adequate cause and prejudice could not be examined until the ineffective assistance of appellate counsel claim was properly exhausted through state post-conviction review.  Having

---

[3] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief.  *See Murray v. Carrier*, 477 U.S. at 496.  "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003).  A petitioner who wishes to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

completed post-conviction and appellate review, Hamm's issue of adequate cause and prejudice is now ripe for review by this court.

In his post-conviction petition, Hamm raised the following grounds: appellate counsel was ineffective by failing to cite violations of the Sixth and Fourteenth Amendments regarding suppression of the 1989 police report and failing to advise him to include federal constitutional claims in his Petition for Writ of Certiorari in the Maryland Court of Appeals; and his Sixth and Fourteenth Amendment rights were violated when the trial court would not permit him to introduce the 1989 police report. Paper no. 29, ex. 11, pp. 2–3.   Specifically, Hamm claimed that appellate counsel's decision to limit his argument to the Maryland Rules of Evidence without reliance on state or federal constitutional grounds was error resulting in the Maryland Court of Special Appeals' adverse decision. *Id*. at p. 3.   He further asserted that although counsel advised him that he would be required to file a petition for writ of certiorari for further review in the Maryland Court of Appeals, counsel did not advise him to include constitutional issues. *Id*.  Hamm further claimed that counsel's failure to do so required the stay entered in the instant case. *Id*.  With respect to the alleged trial court error, Hamm claimed that the exclusion of the police report describing a previous rape charge by the alleged victim which contained allegations based on delusional thoughts violated his constitutional rights and resulted in his conviction. *Id*. at p. 4.

In reaching the decision rejecting Hamm's claim of ineffective assistance of counsel, the post-conviction court observed that Dr. Healy was not completely prohibited from testifying. Rather, she was permitted to provide extensive testimony about the victim's mental health, her medications, and related matters.  Paper no. 29, ex. 12, p. 6.  The court noted that her testimony spanned approximately 51 pages of the trial transcript and she was not prevented from stating an

expert opinion about the victim's mental health. *Id*. The only thing Dr. Healy was prevented from testifying about was "expressing an expert opinion concerning matters related to a 1989 episode that had occurred many years prior to trial, in which it was contended that the victim had made a false allegation of rape." *Id*. After hearing the proffered testimony outside of the jury's presence, the trial court excluded the testimony because the prejudicial effect outweighed the probative value of the evidence. *Id*. The post-conviction court reviewed appellate counsel's brief and concluded:

> The entire issue of the exclusion of Dr. Healy's testimony concerning the 1989 incident was addressed in the Appellant's Brief filed in the Court of Special Appeals of Maryland, as the lead argument, and Judge Galloway's Opinion was printed as an Appendix. This Court has reviewed the Brief, and in particular, the manner in which the issue of the Trial Court's ruling relative [to] the testimony to be adduced from Dr. Healy to the 1989 incident was presented, and the Court cannot find that the Brief, as filed with the Court of Special Appeals, in any way was below the objective standard of reasonableness under prevailing professional norms. . . . Further the Court of Special Appeals clearly addressed the issue in its Opinion and affirmed Judge Galloway's holding relative to this issue.

Paper no. 29, ex. 12, p. 6. The court went on to examine the validity of the claim that the issue should have been framed as a constitutional issue. *Id*. at p. 7. The court found that the issue was fairly and clearly presented to the Court of Special Appeals and "that even had that argument been presented in a Constitutional sense, . . . the ruling would have been the same, and therefore, the second prong of *Strickland* would not have been met." *Id*.

Ineffective assistance of counsel can form the basis for adequate cause and prejudice excusing procedural default. "[I]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance.'" *Carrier*, 477 U.S. at 488. Petitioner has now

exhausted his ineffective assistance of counsel claim, enabling this court to determine whether adequate cause and prejudice exists. *See id*. at 489 (exhaustion doctrine applies to ineffective assistance of counsel claim raised as cause for procedural default).

Review of the post-conviction court's determination that counsel provided adequate assistance of counsel is governed by 28 U.S.C. § 2254. To meet his burden, Hamm must show that the adjudication of the claims at the state court level:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;   or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(Supp.1997). The Act further provides that:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

§ 2254(e)(1).

As the Supreme Court held in *Strickland v. Washington*, 466 U.S. 668 (1984), "a state court conclusion that counsel rendered effective assistance of counsel is not a finding of fact binding on the federal court to the extent stated by [former] 28 U.S.C. § 2254(d) [ now § 2254(e)(1)]." *Id*. at 698. Rather, "although state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254[(e) (1)], ... both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* It follows, then, that such deference must be afforded the state court's conclusion that the petitioner's trial counsel rendered effective assistance of counsel and this court may not grant relief on this claim

as long as the state court denied the claim based on a reasonable application of the *Strickland* standard to the facts presented in the state court proceeding.

This court finds that the post-conviction court's analysis of appellate counsel's performance is without error. As noted by the post-conviction court, the expert witness, Dr. Healy, was permitted to testify extensively regarding the victim's mental health, hospitalizations, and medications, and her testimony was based upon her review of medical records. Exclusion of Dr. Healy's expert opinion based on her review of an 11 year-old police report does not state a constitutional claim. Thus, had the evidentiary issue been couched in federal constitutional terms on appeal, the result would have been the same.

The conclusion that appellate counsel's performance was constitutionally adequate eliminates any basis for Hamm's claim of adequate cause and prejudice excusing procedural default. Where counsel has failed to raise a non-meritorious claim, there is no resulting prejudice. This finding, however, does not end the analysis, because this court may consider the merits of a procedurally defaulted claim, absent adequate cause and prejudice, if a petitioner shows a resulting fundamental miscarriage of justice if the claim is not considered. *See Gray v. Netherland*, 518 U.S. 152, 160 (1996); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The miscarriage of justice standard is directly linked to innocence. *See Schlup v. Delo*, 513 U.S. 298, 320 (1995). Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id*. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup*, 513 U.S. at 320. To meet this standard Hamm must show it is more likely than not that no reasonable juror would have found him guilty beyond a

reasonable doubt. *Id*.

*Schlup* observes that:

[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial**.**

*Id*. at 324; *see also House v. Bell*, 126 S. Ct. 2064, 2077-78 (2006).

The 1989 police report does not establish Hamm's innocence. First, the report was remote in time with respect to the alleged sexual assault that formed the basis of Petitioner's conviction, and there was no evidence that Ms. Whittle was suffering delusions or hallucinations at the time of that assault. Second, the jury was presented with Dr. Healy's expert testimony regarding the nature of Ms. Whittle's mental illness and, despite that evidence, found her testimony credible. Lastly, other evidence presented to the jury was adequate to support a finding of guilt beyond a reasonable doubt, because there was evidence that Ms. Whittle suffered physical injuries as a result of the assault. *See* Paper no. 6, ex. 2, p. 188; ex. 3, pp. 39– 40 (choking resulting in petechia); ex. 2 at pp. 188 – 193; ex. 3 at pp. 11– 12; p. 39 (fresh lacerations to face and shoulder; bruised lower lip); ex. 3 at pp. 35– 36 (vaginal and cervical trauma). Petitioner has failed to overcome the procedural bar and his claim is therefore foreclosed from federal habeas review.

## **Conclusion**

The court finds that Petitioner has failed to establish any of the prerequisites permitting review of his procedurally defaulted claim. Accordingly, the Petition for Writ of Habeas Corpus must be dismissed by separate Order which follows.

    May 2, 2007                             _____/s/_____
Date                                         DEBORAH K. CHASANOW
                                             United States District Judge